☒ FILED   ☐ LODGED

**Oct 23, 2023**

CLERK U.S. DISTRICT COURT
DISTRICT OF ARIZONA

GARY M. RESTAINO
United States Attorney
District of Arizona
GLENN B. McCORMICK
Assistant U.S. Attorney
Arizona State Bar No. 013328
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: 013328@usdoj.gov
Attorneys for Plaintiff

☐ FILED   ☒ LODGED

**Jul 14 2023**

CLERK U.S. DISTRICT COURT
DISTRICT OF ARIZONA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. 22-01143-PHX-DJH (ESW) |
| Plaintiff, | |
| vs. | **PLEA AGREEMENT** |
| 2. Rachael Robin Greene, | |
| Defendant. | |

Plaintiff, United States of America, and the defendant, Rachael Robin Greene, hereby agree to resolve this matter on the following terms and conditions:

## 1.    PLEA

The defendant will plead guilty to Count Two of the indictment charging the defendant with a violation of Title 18 United States Code (U.S.C.) §§ 371 and 922(a)(6), Conspiracy to Make False Statements in Acquisition of Firearms, a Class D felony offense.

## 2.    MAXIMUM PENALTIES

a.    A violation of 18 U.S.C. §§ 371 and 922(a)(6) is punishable by a maximum fine of $250,000, a maximum term of imprisonment of five (5) years, or both, and a term of supervised release of up to three (3) years. A maximum term of probation is five (5) years (including a minimum term of one (1) year if probation is imposed).

b.    According to the Sentencing Guidelines issued pursuant to the Sentencing Reform Act of 1984, the Court shall order the defendant to:

(1)     make restitution to any victim of the offense pursuant to 18 U.S.C. § 3663 and/or 3663A, unless the Court determines that restitution would not be appropriate;

(2)     pay a fine pursuant to 18 U.S.C. § 3572, unless the Court finds that a fine is not appropriate;

(3)     serve a term of supervised release when required by statute or when a sentence of imprisonment of more than one year is imposed (with the understanding that the Court may impose a term of supervised release in all other cases); and

(4)     pay upon conviction a $100 special assessment for each count to which the defendant pleads guilty pursuant to 18 U.S.C. § 3013.

c.     The Court is required to consider the Sentencing Guidelines in determining the defendant's sentence. However, the Sentencing Guidelines are advisory, and the Court is free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crime(s) of conviction, unless there are stipulations to the contrary that the Court accepts.

**3.     AGREEMENTS REGARDING SENTENCING**

a.     Stipulation. Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and the defendant stipulate that the following is an appropriate disposition of this case:

(1)     After defendant enters a change of plea and pleads guilty to Count Two of the Indictment, defendant shall remain supervised by Pretrial Services pursuant to terms and conditions set by the Court.

(2)     The Court shall defer the sentencing in this matter for a period of three years.

(3)     During this three-year deferred sentencing, the defendant agrees to abide by the following conditions:

A.     Submit to and follow a program of supervision as directed by the United States Probation Office or Pretrial Services, under terms and conditions that will be set forth in the Conditions of

Release to be established at the conclusion of the change of plea hearing.

B. Violate no law, Federal, State, or Local. If arrested, defendant is to immediately contact the United States Probation Office or Pretrial Services.

C. Not use or possess a narcotic drug or other controlled substance (as defined by 21 U.S.C. § 802) unless prescribed for the defendant by a licensed medical practitioner; this provision does not permit the use or possession of medicinal marijuana even with a physician's written certification. The defendant shall not possess, ingest, or otherwise use a synthetic cannabinoid or synthetic narcotic.

D. Not use, handle, possess, purchase, acquire, or attempt to acquire any firearm, destructive device, or other dangerous weapon or ammunition.

E. Follow all instructions and orders from the United States Probation Office or Pretrial Services.

F. The court may also include additional conditions to which the defendant shall be subject.

(4) During the period of deferred sentencing, the Court, for good cause shown, may modify the terms of this agreement.

(5) If the defendant should fail, at any time and in any way, to fulfill each one of her obligations under this agreement:

A. The matter will be set for sentencing forthwith.

B. The defendant shall not be allowed to withdraw her guilty plea.

C. The defendant shall be found guilty of Count Two of the Indictment and shall be sentenced.

(6) If the defendant should fail, at any time and in any way, to fulfill each

- 3 -

and every one of her obligations under this agreement, resulting in the matter being set for sentencing the parties agree to the following stipulations and recommendations:

A.    Stipulation.    Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and defendant stipulate that defendant's sentence shall not exceed the low end of the sentencing range as calculated under U.S.S.G. § 1B1.1(a). This stipulated sentencing cap will not change based on departures considered under U.S.S.G. § 1B1.1(b). Nothing in this agreement shall preclude defendant from moving for a downward departure, variance, or sentence below the cap, or the court from imposing a sentence below the cap.

B.    Acceptance of Responsibility.    If the defendant makes full and complete disclosure to the U.S. Probation Office of the circumstances surrounding the defendant's commission of the offense, and if the defendant demonstrates an acceptance of responsibility for this offense up to and including the time of sentencing, the United States will recommend a two-level reduction in the applicable Sentencing Guidelines offense level pursuant to U.S.S.G. § 3E1.1(a). If the defendant has an offense level of 16 or more, the United States will move the Court for an additional one-level reduction in the applicable Sentencing Guidelines offense level pursuant to U.S.S.G. § 3E1.1(b).

**4.    AGREEMENT TO DISMISS OR NOT TO PROSECUTE**

a.    Pursuant to Fed. R. Crim. P. 11(c)(1)(A), and upon successful completion of the three-year deferred sentencing period, the United States, at the time of sentencing, shall dismiss the following charges: Counts Two, Four, Five, and the forfeiture allegation (as to this defendant only). If the three-year deferral period is not successfully completed, the United States shall only dismiss Counts Four, Five, and the forfeiture allegation (as to this defendant only) and defendant shall be otherwise sentenced in Count Two according to the terms of this agreement.

b.      This agreement does not, in any manner, restrict the actions of the United States in any other district or bind any other United States Attorney's Office.

5.      **COURT APPROVAL REQUIRED; REINSTITUTION OF PROSECUTION**

a.      If the Court, after reviewing this plea agreement, concludes that any provision contained herein is inappropriate, it may reject the plea agreement and give the defendant the opportunity to withdraw the guilty plea in accordance with Fed. R. Crim. P. 11(c)(5).

b.      If the defendant's guilty plea or plea agreement is rejected, withdrawn, vacated, or reversed at any time, this agreement shall be null and void, the United States shall be free to prosecute the defendant for all crimes of which it then has knowledge and any charges that have been dismissed because of this plea agreement shall automatically be reinstated. In such event, the defendant waives any and all objections, motions, and defenses based upon the Statute of Limitations, the Speedy Trial Act, or constitutional restrictions in bringing later charges or proceedings. The defendant understands that any statements made at the time of the defendant's change of plea or sentencing may be used against the defendant in any subsequent hearing, trial, or proceeding subject to the limitations of Fed. R. Evid. 410.

6.      **WAIVER OF DEFENSES AND APPEAL RIGHTS**

The defendant waives (1) any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the indictment or information; and (2) any right to file an appeal, any collateral attack, and any other writ or motion that challenges the conviction, an order of restitution or forfeiture, the entry of judgment against the defendant, or any aspect of the defendant's sentence, including the manner in which the sentence is determined, including but not limited to any appeals under 18 U.S.C. § 3742 (sentencing appeals) and motions under 28 U.S.C. §§ 2241 and 2255 (habeas petitions), and any right to file a motion for modification of sentence, including under 18 U.S.C. § 3582(c) (except for the right to file a compassionate release motion under 18 U.S.C. § 3582(c)(1)(A) and to appeal the denial of such a motion). This waiver shall

result in the dismissal of any appeal, collateral attack, or other motion the defendant might file challenging the conviction, order of restitution or forfeiture, or sentence in this case. This waiver shall not be construed to bar an otherwise-preserved claim of ineffective assistance of counsel or of "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

7.    **DISCLOSURE OF INFORMATION**

a.    The United States retains the unrestricted right to provide information and make any and all statements it deems appropriate to the U.S. Probation Office and to the Court in connection with the case.

b.    Any information, statements, documents, and evidence that the defendant provides to the United States pursuant to this agreement may be used against the defendant at any time.

c.    The defendant shall cooperate fully with the U.S. Probation Office. Such cooperation shall include providing complete and truthful responses to questions posed by the U.S. Probation Office including, but not limited to, questions relating to:

(1)    criminal convictions, history of drug abuse, and mental illness; and

(2)    financial information, including present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution.

8.    **FORFEITURE, CIVIL, AND ADMINISTRATIVE PROCEEDINGS**

a.    Nothing in this agreement shall be construed to protect the defendant from administrative or civil forfeiture proceedings or prohibit the United States from proceeding with and/or initiating an action for civil forfeiture. Pursuant to 18 U.S.C. § 3613, all monetary penalties, including restitution imposed by the Court, shall be due immediately upon judgment, shall be subject to immediate enforcement by the United States, and shall be submitted to the Treasury Offset Program so that any federal payment or transfer of returned property the defendant receives may be offset and applied to federal debts (which offset will not affect the periodic payment schedule). If the Court imposes a schedule of payments, the schedule of payments shall be merely a schedule of minimum payments and

shall not be a limitation on the methods available to the United States to enforce the judgment.

9. **ELEMENTS**

**Conspiracy to Make False Statements in Acquisition of Firearms**

Beginning on or before December 19, 2017, and continuing to on or about February 15, 2018, in the District of Arizona:

1.  That two or more persons agreed "to Make False Statements in Acquisition of Firearms," as charged in the indictment.

2.  "Making False Statements to Acquire Firearms" under § 922(a)(6) means:

    a.  ADF was a licensed firearms' dealer (FFL) within the meaning of Chapter 44, Title 18, United States Code;

    b.  In connection with acquiring firearms from ADF, the defendant made a false statement;

    c.  The defendant knew the statement was false; and

    d.  the false statement was material; that is, the false statement had a natural tendency to influence, or was capable of influencing the FFL into believing that the firearm could be lawfully sold to the defendant.

3.  That RACHAEL ROBIN GREENE was a party to or member of that agreement

4.  That RACHAEL ROBIN GREENE joined the agreement or conspiracy knowing of its objective to Make False Statements to Acquire Firearms, intending to join together with at least one other conspirator to achieve that objective; that is, that RACHAEL ROBIN GREENE and at least one other alleged conspirator shared a unity of purpose and the intent to achieve a common goal(s) or objective(s), to Make False Statements to Acquire Firearms.

5.  That at some time during the existence of the agreement or conspiracy,

at least one of its members performed an overt act in order to further the objective of the agreement.

10. **FACTUAL BASIS**

a. The defendant admits that the following facts are true and that if this matter were to proceed to trial the United States could prove the following facts beyond a reasonable doubt:

b. On the dates listed in the chart below, I, RACHAEL ROBIN GREENE, entered ADF, located in Arizona and a licensed firearms' dealer (FFL) within the meaning of Chapter 44, Title 18, United States Code, and purchased the firearms listed in the chart below for other persons.

| Date | FFL | Firearms |
|---|---|---|
| December 19, 2017 | ADF | Colt M4 Serial Number LE512361 |
| February 15, 2018 | ADF | Colt M4 Serial Number LE675431 |

I agree that the government can prove ADF is a FFL and is required by law to maintain completed Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) Form 4473s for each firearm transaction.

I was asked by Isai Sandoval-Rivera to purchase the listed firearms on his behalf. Isai Sandoval-Rivera provided me the purchase money and a description of the firearms he directed me to purchase. I was instructed to falsely claim on the FFL Form 4473s that I was purchasing the firearms for myself. During each purchase, I completed ATF form 4473 as required by the FFL, and on each form falsely indicated that I was not buying the firearms for another person. Had I provided truthful information, I know the FFL would not have sold me the firearms.

c. The defendant shall swear under oath to the accuracy of this statement and, if the defendant should be called upon to testify about this matter in the future, any intentional material inconsistencies in the defendant's testimony may subject the defendant to additional penalties for perjury or false swearing, which may be enforced by the United States under this agreement.

**APPROVAL AND ACCEPTANCE OF THE DEFENDANT**

I have read the entire plea agreement with the assistance of my attorney. I understand each of its provisions and I voluntarily agree to it.

I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I shall waive my rights to plead not guilty, to trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to present evidence in my defense, to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination, all with the assistance of counsel, and to be presumed innocent until proven guilty beyond a reasonable doubt.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charges to which I am entering my guilty plea. I have further been advised by my attorney of the nature and range of the possible sentence and that my ultimate sentence shall be determined by the Court after consideration of the advisory Sentencing Guidelines.

My guilty plea is not the result of force, threats, assurances, or promises, other than the promises contained in this agreement. I voluntarily agree to the provisions of this agreement and I agree to be bound according to its provisions.

I understand that if I am granted probation or placed on supervised release by the Court, the terms and conditions of such probation/supervised release are subject to modification at any time. I further understand that if I violate any of the conditions of my probation/supervised release, my probation/supervised release may be revoked and upon such revocation, notwithstanding any other provision of this agreement, I may be required to serve a term of imprisonment or my sentence otherwise may be altered.

This written plea agreement, and any written addenda filed as attachments to this plea agreement, contain all the terms and conditions of the plea. Any additional agreements, if any such agreements exist, shall be recorded in a separate document and

may be filed with the Court under seal; accordingly, additional agreements, if any, may not be in the public record.

I further agree that promises, including any predictions as to the Sentencing Guideline range or to any Sentencing Guideline factors that will apply, made by anyone (including my attorney) that are not contained within this written plea agreement, are null and void and have no force and effect.

I am satisfied that my defense attorney has represented me in a competent manner.

I fully understand the terms and conditions of this plea agreement. I am not now using or under the influence of any drug, medication, liquor, or other intoxicant or depressant that would impair my ability to fully understand the terms and conditions of this plea agreement.

_07/05/2023_____            _____
Date                                RACHAEL ROBIN GREENE
                                    Defendant

## APPROVAL OF DEFENSE COUNSEL

I have discussed this case and the plea agreement with my client in detail and have advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea including the maximum statutory sentence possible. I have further discussed the concept of the advisory Sentencing Guidelines with the defendant. No assurances, promises, or representations have been given to me or to the defendant by the United States or any of its representatives that are not contained in this written agreement. I concur in the entry of the plea as indicated above and that the terms and conditions set forth in this agreement are in the best interests of my client. I agree to make a bona fide

///

///

- 10 -

effort to ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.

7/3/23

Date

JOSEPH D. TOBLER
Attorney for Defendant

## APPROVAL OF THE UNITED STATES

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth herein are appropriate and are in the best interests of justice.

GARY M. RESTAINO
United States Attorney
District of Arizona

Digitally signed by GLENN
MCCORMICK
Date: 2023.07.06 10:44:44 -07'00'

Date

GLENN B. McCORMICK
Assistant U.S. Attorney

## ACCEPTANCE BY THE COURT

10/23/2023

Date

Honorable STEVEN P. LOGAN
United States District Judge

- 11 -